IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GILBERT J. HINOJOS,

    Plaintiff,

vs.                                                                                                                            Civ. No. 04-0779 MV/RHS

HONEYWELL FM&T,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Defend; Motion to Dismissal with Prejudice; Notice of Completion of Briefing, filed September 22, 2004, **[Doc. No. 5]**. The Court interpret's Plaintiff's motion as seeking leave to file a response to Defendant's motion to dismiss out of time.

Defendant filed a motion to dismiss on August 19, 2004. Prior to filing the motion, Defendant wrote a letter to Plaintiff explaining the grounds for the motion and requesting that Plaintiff voluntarily dismiss his action with prejudice prior to the filing of the motion. In response to Defendant's letter, Plaintiff sent a letter to the Court "to defend the motion to dismiss." In this letter, Plaintiff requested that the Court give him additional time to find an attorney and let him amend his charge.[1] Plaintiff, however, did not file a response to Defendant's motion by the September 9, 2004 filing deadline. Instead, on September 22, 2004, Plaintiff filed the instant

---

[1] Plaintiff's letter to the Court does not constitute a response. Plaintiff's letter did not respond to Defendant's legal arguments, was not filed with the Clerk, and was not served on Defendant. *See* D.N.M.LR-Civ. 5 (filing requirements); D.N.M.LR-Civ. 7 (motion practice); D.N.M.LR-Civ. 10 (form of papers).

motion requesting an opportunity to file a response out of time.  As grounds for his motion, Plaintiff asserts that he needs time to find an attorney.

Local Rule 7.6(a) permits parties to extend deadlines by agreement.  D.N.M.LR-Civ. 7.6(a).  If an extension of time is opposed, a party must file a motion with the Court prior to the filing deadline.  *Id*. ("If an extension of time is opposed, the party seeking the extension must file a separate motion within the applicable 14-day period.").  Failure to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.  D.N.M.LR-Civ. 7.1(b).

Although Plaintiff failed to file and serve a response within the time prescribed for doing so, the Court will grant Plaintiff leave to file a response to Defendant's motion out of time to accommodate Plaintiff's request for additional time to obtain legal counsel.  Plaintiff is cautioned, however, that he initiated this action *pro se* and has an obligation to prosecute the action, including timely responding to motions in accordance with local rules, even if he does not obtain legal counsel.

**IT IS THEREFORE ORDERED** that Plaintiff is granted 30 days from the date of this Order to file a response to Defendant's Motion to Dismiss.  If Plaintiff does not file a response by this date, the Court will consider the motion unopposed and will dismiss this action without prejudice

Dated this 10th day of December, 2004.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:

    Gilbert Hinojos, *pro se*

<u>Attorneys for Defendant</u>:
    Jeffrey L. Lowry, Esq.
    Jill Marchant, Esq.
.