## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GILBERT J. HINOJOS,

      Plaintiff,

vs.                                            Civ. No. 04-0779 MV/RHS

HONEYWELL FM&T,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss and for Attorneys' Fees and Costs, filed August 23, 2004, **[Doc. No. 2]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is not well-taken and will be **DENIED.**

### LEGAL STANDARD

A court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts supporting his/her claim that would entitle him/her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the court must assume as true all well-pleaded facts and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his/her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). These deferential rules, however, do not

allow the court to assume that a plaintiff "can prove facts that [he/she] has not alleged or that the

defendants have violated the . . . laws in ways that have not been alleged." *Associated General*

*Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526

(1983). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not

only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of

justice.'" *Cayman Exploration Corp. v. United Gas Pipe Line Co.*, 873 F.2d 1357, 1359

(10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)).

## DISCUSSION

On July 12, 2004, Plaintiff, proceeding *pro se,* filed a Complaint asserting claims of

retaliation, discrimination, and breach of contract. Defendant filed the instant motion to dismiss,

contending that Plaintiff's complaint contains the same claims that Plaintiff litigated in a previous

lawsuit in this Court entitled *Hinojos v. Honeywell International, Inc.*, Civ. No. 00-1157 WJ/RLP

("*Hinojos I*") and, therefore, Plaintiff's claims are barred by the doctrine of *res judicata*. Plaintiff,

who has since obtained legal counsel, asserts that the Complaint makes retaliatory discharge and

wrongful termination claims that are not barred by *res judicata*. Plaintiff does not address the

viability of the other claims he asserts in his Complaint.

The doctrine of *res judicata*, or claim preclusion, prevents "the parties or their privies

from relitigating issues that were or could have been raised in" an earlier action. *Clark v. Haas*

*Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992). In the Tenth Circuit, claim preclusion

requires "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their

privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*,

186 F.3d 1222, 1226 (10th Cir. 1999).

The Tenth Circuit employs the transactional approach of the Restatement (Second) of Judgments to determine whether the claims raised in a previous lawsuit share an identity with the claims raised in a second lawsuit. *Yapp*, 186 F.3d at 1227. Under this test, claims "arising out of the same 'transaction, or series of connected transactions' as a previous suit" are precluded. *Id*. (quoting Restatement (Second) of Judgments § 24 (1982)). What constitutes the same transaction or series of transactions is "to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id*. (quoting Restatement (Second) of Judgments § 24 (1982)).

Generally all claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes. *See Clark*, 953 F.2d at 1239. Claim preclusion, however, does not necessarily bar a second lawsuit to the extent that suit is based on acts occurring after the first suit was filed. *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1202 (10th Cir. 2000) ("While we have yet to decide the issue, we agree with those courts holding the doctrine of claim preclusion does not necessarily bar plaintiffs from litigating claims based on conduct that occurred after the initial complaint was filed."). It is undisputed that Plaintiff was terminated after the complaint in *Hinojos I* was resolved. Thus, Plaintiff's retaliatory discharge and wrongful termination claims could not have been raised in *Hinojos I* and are not barred by the doctrine of claim preclusion.[1]

---

[1] Plaintiff argues that his retaliatory discharge and wrongful termination claims are not barred by *res judicata* because "Plaintiff might also be able to prove in *Hinojos II*, that the [sic] his termination of employment was in retaliation for filing *Hinojos I*." Plaintiff's Complaint,

The doctrine of claim preclusion, however, does bar many of the claims in the Complaint that were asserted in *Hinojos I*.  For example, in his Complaint, Plaintiff alleges that in retaliation for protected activity, Defendant denied Plaintiff "pay increases, promotions, company time to complete school (that was authorized previously), then wrongfully terminated plaintiff with no warning."  In *Hinojos I*, the court considered Plaintiff's claim that in retaliation for engaging in protected activity he was not promoted, given pay increases or company time off for education.  The *Hinojos I* Court determined that Plaintiff had failed to show any retaliation and, in the alternative, even if he had shown retaliation, he had not established pretext.  Plaintiff is barred by the doctrine of claim preclusion from relitigating these claims in this action.

Furthermore, Plaintiff is collaterally estopped from relitigating ultimate issues of law and fact that were resolved in *Hinojos I*.  According to the law of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411 (1980); *see also Ashe v. Swenson*, 397 U.S. 436, 443 (1970) ("When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."). Under Tenth Circuit law, collateral estoppel requires that "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in

---

however, does not allege that Defendant retaliated against Plaintiff for filing *Hinojos I*.  The Court cannot assume that a plaintiff "can prove facts that [he/she] has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is

raised had a full and fair opportunity to litigate the issue in the prior action." *Dodge v. Cotter*

*Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000).

For example, in his Complaint, Plaintiff alleges a breach of contract claim.  In *Hinojos I*,

the court held that Plaintiff had not shown that a contract existed between Defendant and its

employees.  Plaintiff is collaterally estopped from asserting in this action that such a contract

exists.

Under Tenth Circuit law, Plaintiff can assert retaliatory discharge and wrongful

termination claims based on events that occurred after *Hinojos I* was filed.  Consequently, the

Court will not dismiss the Complaint.  The Court, however, will require that Plaintiff, who now

has legal counsel, file an amended complaint to clarify the claims being asserted and the factual

allegations supporting those claims.  As discussed above, Plaintiff's claims must be based on acts

that occurred after the filing of the complaint in *Hinojos I* and Plaintiff may not seek to relitigate

either the claims asserted or the ultimate issues of law and fact made in *Hinojos I.*

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss and for

Attorneys' Fees and Costs, filed August 23, 2004, **[Doc. No. 2]**, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint within thirty (30)

days of the date of this Order that alleges only claims based on acts that occurred after the

complaint in *Hinojos v. Honeywell International, Inc.*, Civ. No. 00-1157 WJ/RLP was filed.

Dated this 8th day of June, 2005.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiff:
      Gilbert J. Vigil, Esq.

Attorneys for Defendant:
      Jeffrey L. Lowry, Esq.
      Jill Marchant, Esq.

.